IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 3:10-00055(1) |
| ) | Judge Haynes |
| ALBERT FRANKLIN, JR. ) | |

*[Handwritten annotation: ORDER — For the reasons stated in open Court, this motion is DENIED. Ordered. 7-19-13]*

## MOTION TO SUPPRESS SEARCH WARRANT – VERACITY AND RELIABILITY OF THE CONFIDENTIAL INFORMANT

Comes the Defendant, Albert Franklin, Jr., through counsel, and moves the Court to suppress the fruits of the search warrant executed in this case, on the basis that the search warrant lacked probable cause[1] – specifically that the Confidential Informant's credibility was not adequately established. In support, Defendant submits the following, to wit:

### Relevant Facts

The relevant alleged facts underlying the instant case and provided to the defense through discovery are that on January 26, 2010 a Confidential Informant working with the Nashville Metro Police traveled to Mustang Sally's Bar in Nashville, to conduct a controlled sale of (placebo) Oxycontin pills with the Defendant Albert Franklin as the buyer. As part of the operation, while the Confidential Informant was driving to the Bar,

---

[1] Defendant points out to the Court that prior defense counsel, Larry Arnkoff, filed a Motion to Suppress regarding the search warrant. (D.E. 67). The Court had a hearing on that motion and denied relief. (D.E. 84). *Inter alia*, during the course of that hearing the Court ruled that the Court found probable cause in the affidavit supporting the search warrant. (Transcript of Suppression Hearing, D.E. 85, at pages 27-30). That notwithstanding, Defendant submits the instant Motion to Suppress. With respect to the earlier suppression motion, it is not clear that that motion raised the issue of the veracity of the Confidential Informant who supplied some of the information for the affidavit supporting the search warrant – which is the issue raised in this instant motion.