UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cr-55 |
| ) | Chief Judge Haynes |
| ) | |
| ALBERT FRANKLIN, JR. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Defendant, Albert Franklin Jr., is charged in this action with conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. 841(a)(1), and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 18 U.S.C. 924.

Before the Court is the Defendant's motion to dismiss the Indictment (Docket Entry No. 126), contending, in sum, that: (1) his rights to a speedy trial under the Speedy Trial Act 18 U.S.C. § 3161 et seq. have been violated by the Government's failure to bring him to trial within seventy (70) days of his initial appearance under 18 U.S.C. § 3161(c)(1); (2) he was not properly indicted within thirty (30) days as required by the Speedy Trial Act, 18 U.S.C. 3162(a)(1); (3) he did not have a timely initial appearance in federal court as set forth under Federal Rule of Criminal Procedure 5; and (4) he was denied his right to a preliminary hearing on the original complaint, as set forth under Federal Rule of Criminal Procedure 5.1. In response, the Government asserts, in essence, that: (1) the thirty (30) day time limit from arrest to indictment does not apply here because Defendant was never arrested on the federal complaint and warrant; (2) there was no "unnecessary delay" between

the execution of the writ and Defendant's initial appearance and arraignment on his federal charges; (3) the federal detainer did not amount to an arrest triggering the Speedy Trial Act because Defendant was never arrested on the criminal complaint issued in this action; and (4) the period challenged under the Speedy Trial Act's 70-day limit is excusable under 18 U.S.C. § 3161(h)(7).

For the reasons set forth below, the Court concludes that the facts of this action do not establish a violation of the Speedy Trial Act.

### A. Review of the Record

On February 10, 2010, a complaint and warrant were issued against Defendant for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Entry No. 1). Defendant was in state custody at that time for the conduct associated with the charges in this action, as well as for violating the terms of his state probation. While the underlying state charges were dismissed as a result of the federal charges, the probation violation remained, and Defendant remained in state custody. His probation was ultimately revoked by the state court. On March 17, 2010, Defendant was subsequently indicted by a federal Grand Jury for the previously mentioned charges, as well as an additional charge of using, carrying and brandishing a firearm during and in relation to a drug trafficking crime. (Docket Entry No. 15). On April 7, 2010, the Government filed a motion for a writ of Habeas Corpus ad prosequendum. (Docket Entry No. 21). On April 9, 2010, the Honorable Joe B. Brown granted the motion and issued the writ. (Docket Entry No. 22). On May 25, 2010, the United States Marshals Service executed the writ and brought Defendant into federal custody, at which time the arrest warrant resulting from the indictment was served. (Docket Entry No. 23). On the same date, Defendant had an initial appearance and arraignment before the

Honorable John S. Bryant. (Docket Entry No. 25). On that date, Defendant waived the issue of detention and was thereafter held in federal custody by the Court on a motion by the Government. (Docket Entry No. 29). Defendant has since remained in federal custody on the writ, but has been serving a Tennessee state sentence for the referenced probation violation.

**B. Conclusions of Law**

Title 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act states, in relevant part, the following:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Id. "The Speedy Trial Act (the 'Act') requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or his first court appearance, whichever occurs later." United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007); 18 U.S.C. § 3162(a)(2).

The Act, however, provides excludable periods of time in calculating the number of days toward the seventy days. The Supreme Court has held that *any* pretrial motion filed under 18 U.S.C. § 3161(h)(1)(D)[1] automatically stops the Speedy Trial clock from running, irrespective of whether the motion has any impact on when the trial begins. United States v. Tinklenberg, _U.S._, 131 S. Ct. 2007, 2012, 2016 (2011). Moreover, "[d]elays due to continuances granted by the court are

---

[1]Title 18 U.S.C. § 3161(h)(1)(D) provides:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence-- delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]

3

excluded from the time within which a trial must start under the Speedy Trial Act if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" United States v. Stewart, 628 F.3d 246, 253 (6th Cir. 2010) (quoting 18 U.S.C. § 3161(h)(7)(A)). Under 18 U.S.C. § 3161(h)(7)(A), the district court "must set forth, either orally or in writing, its reasons for finding that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial." Gardner, 488 F.3d at 718; 18 U.S.C. § 3161(h)(7)(A). "If the court does not provide properly explainable reasons, the resulting delay is not excludable." Id. A "district court has wide latitude in deciding how to exercise its discretion in applying the ends-of-justice provision of the Speedy Trial Act that governs whether a continuance should be granted." Stewart, 628 F.3d at 253.

Defendant contends he was not indicted within the 30-day time limit provided by the Speedy Trial Act under 18 U.S.C. § 3162(a)(1) because the federal criminal complaint was filed on February 10, 2010 and the Indictment was filed on March 17, 2010. In pertinent part, 18 U.S.C. § 3162(a)(1) provides:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

Further, 18U.S.C. § 3161(b) provides, in pertinent part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

Yet, Defendant was in state custody at the time the federal complaint was issued. Further, Defendant was indicted before the execution of any arrest warrant on Defendant in this action. As such, the

Government contends the 30-day time limit does not apply in this action because Defendant was never arrested on the federal complaint and warrant. "[O]ne [is] not arrested within the intendment of the Speedy Trial Act until he be taken into custody after a federal arrest for the purposes of responding to a federal charge." United States v. Copley, 774 F.2d 728, 730 (6th Cir. 1985) (citation omitted). Here, Defendant was not "arrested" under the Speedy Trial Act until May 25, 2010, when the U.S. Marshals Service issued the writ, Defendant was served with the arrest warrant, and Defendant had his initial appearance before Magistrate Judge Bryant. The Court concludes Defendant was "arrested" under the Speedy Trial Act on May 25, 2010. As such, Defendant was in fact arrested after he was indicted. Thus, the Court concludes Defendant was timely indicted.

Defendant next asserts his initial appearance before the Magistrate Judge was untimely under Federal Rule of Criminal Procedure 5(a). Rule 5(a) provides, in pertinent part, that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." Defendant contends the February 10, 2010 federal detainer placed on him started the clock on the "unnecessary delay" timer, yet "[f]or the purposes of Rule 5(a) delay is measured from the time custody by federal authority commences." United States v. Barlow, 693 F.2d 954, 958 (6th Cir. 1982) (citation omitted). As stated above, Defendant was arrested under the Act on May 25, 2010. Thus, Defendant was arrested the same day he was arraigned and appeared before the Magistrate Judge. The Court concludes there was not any unnecessary delay between the arrest that brought Defendant into federal custody and his initial appearance and arraignment on his federal charges.

Defendant further contends he was improperly denied a preliminary hearing on the initial criminal complaint filed against him. Federal Rule of Criminal Procedure 5.1 provides, in relevant

part, that "[i]f a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless . . . the defendant is indicted." Yet, under Sixth Circuit precedent, "there is no denial of due process where a person is indicted by the Grand Jury without having a preliminary examination. There is no constitutional requirement for such an examination." United States v. Mulligan, 520 F.2d 1327, 1329 (6th Cir. 1975). Thus, the Court concludes Defendant was not lawfully entitled to a preliminary hearing, and as such there is not a violation of Federal Rule of Criminal Procedure 5.1.

Lastly, Defendant contends his rights to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. have been violated by the Government's failure to bring him to trial within seventy (70) days of his initial appearance under 18 U.S.C. § 3161(c)(1). The Court notes that the clock ran for a total of 55 days from May 26, 2010 through July 19, 2009 when Defendant's counsel filed his motion to withdraw as counsel on July 20, 2010. In its response, the Government does not contest this 55-day period. Defendant further contends, however, that 139 days should be counted toward a violation of the Act from January 28, 2012 through May 15, 2012.

In Stewart, the defendant's attorney filed an unopposed motion for a continuance approximately a week before the start of trial, seeking to extend the trial date so that he would have the opportunity to prepare adequately for the defendant's complex case. 628 F.3d at 251. The district court granted the motion to "'avoid a miscarriage of justice by allowing the Defendant and counsel reasonable time necessary for effective preparation.'" Id. In addressing the defendant's Speedy Trial claim, the Sixth Circuit stated:

> Stewart's counsel filed a memorandum explaining why a continuance was warranted on the basis of the factors set out in the Speedy Trial Act's ends-of-justice provision. The memorandum explained that Stewart's defense was particularly complex and

time consuming because the various coconspirators were charged with different offenses, Stewart had multiple defenses to his individual charges, different coconspirators were likely to mount conflicting defenses, the charges against Stewart were of a very serious nature, discovery was still ongoing, and Stewart's attorney had to consider possible pretrial motions. Stewart's attorney also listed specific factual matters that were still in need of development. The government did not oppose the motion.

In granting the motion, the district court properly considered the statute's ends-of-justice factors. The court also complied with the statutory requirement of explaining on the record why the ends of justice supporting a continuance outweighed the best interests of the public and of the defendant in having a speedy trial. <u>In particular, the court recognized that Stewart's counsel needed additional time to analyze the complex issues involved in the case and to prepare Stewart's defense.</u>

Id. at 253-54 (emphasis added).

In White, at the final pretrial conference, the defendant requested new counsel. 129 Fed.Appx. at 200. The district court asked the defendant the following:

"Do you understand that if you asked for a new lawyer, that there is going to be a continuance of the trial ... And that means that your request would effectively waive any right you would have to contend that the trial should occur on March 10th as it is currently scheduled?" White responded: "Yes, I do." The court further informed White, "It may be quite a while to get our schedules to mesh so it is convenient for everyone to be together and get your counsel up to speed." White responded: "I understand that." The court granted White's request for new counsel.

Id. The Sixth Circuit concluded that the district court provided sufficient justification for the continuance. The Court stated:

In this case, the district court explained that a continuance would be necessary to allow for new counsel to prepare for trial. This is sufficient justification under the statute, which states that an ends-of-justice continuance is appropriate if "failure to grant such a continuance ... would unreasonably deny the defendant ... continuity of counsel, or would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). As a result, the defendant's waiver may appropriately be characterized as an ends-of-justice continuance.

Id. at 202.

7

Here, leading up to the period in question, on October 23, 2011, Defendant's third appointed attorney filed a motion to suppress. (Docket Entry No. 67). On November 7, 2011, the Court continued the scheduled trial stating,

> The trial that is set for November 15, 2011 is **CONTINUED** in the interests of justice to give the Court time to decide the Defendant Albert Franklin Jr.'s motion to suppress (Docket Entry No. 67) to which the time for the government to respond has not expired.

(Docket Entry No.68) (emphasis in original). On January 27, 2012, following briefing by all parties and a hearing on the motion, the Court denied the motion to suppress. (Docket Entry No. 84). From January 27, 2012, the date the Court denied Defendant's motion to suppress, through May 16, 2012, the date co-defendant Griffin filed a motion to set a status conference, there were no motions pending or hearings held in this action. On May 31, 2012, with the agreement of all parties, the Court issued an Order resetting the trial to September 11, 2012. (Docket Entry No. 89). Further, the Order resetting trial to September 11, 2010 included an interest of justice notation on the docket. Id.

Defendant contends the period from January 27, 2012 through May 16, 2012, in which there were no motions pending or hearings held, constitutes non-excludable time. In response, the Government contends the facts and circumstances surrounding the challenged time period fall within the Court's initial "ends of justice" continuance, effectively tolling the Speedy Trial computation from the prior November 2011 trial date through the September 2012 scheduled date, to ensure the parties were sufficiently prepared for trial.

Under the Speedy Trial Act, in pertinent part:

8

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence

\* \* \*

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Sixth Circuit has stated further that for a Court to grant a continuance under § 3161(h)(7)(A), the Court "must set forth its reasons, orally or in writing, in the record of the case . . . 'at the very least . . . by the time a district court rules on a motion to dismiss under § 3162(a)(2).'" United States v Sobh, 571 F.3d 600 (6th Cir. 2009) (citing Zedner v. United States, 547 U.S. 489, 506-07 (2006)).

While the Court notes that the November 7, 2011 Order granted a continuance in the interest of justice to provide the Court time to hear and rule on Defendant's motion to suppress, the Court concludes the challenged period following the Court's denial of the motion to suppress is also excludable under the Act. The Court's interest of justice continuance remained in effect as it was necessary to ensure that the parties were sufficiently prepared for trial, given the Court's denial of Defendant's suppression motion naturally affected Defendant's strategic considerations in preparing for trial.[2] Further, Defendant's counsel was in full agreement with the Court's May 31, 2012 Order

---

[2]Defendant's counsel, Larry Arnkoff, that filed suppression motion was Defendant's third of four attorneys to be assigned to Defendant in this action.

9

(Docket Entry No. 89) resetting trial for September 2012. Here, based upon the cited Sixth Circuit authority, the Court concludes that the interest of justice was best served by continuing the trial date from the prior November 15, 2011 date through the September 11, 2012 trial date. The Court further concludes that the 139 days from January 28, 2012 through May 15, 2012 are excludable, as those dates reflect the time necessary for defense counsel to prepare for trial. See 18 U.S.C. §§ 3161 (h)(7)(A) and (B)(iv).[3] United States v. Sabino, 274 F.3d 1053, 1065 ("[O]pen-ended ends-of-justice continuances for reasonable time periods are permissible in cases where it is not possible to preferably set specific ending dates."). Thus, the Court concludes only 55 days of non-excludable time passed under the Speedy Trial Act computation.

Accordingly, for these reasons, the Court concludes that Defendant's motion to dismiss the Indictment (Docket Entry No. 126) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 1st day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

---

[3]The Court notes that upon a motion to dismiss, the district court can reconsider its earlier Orders to determine what time qualifies as an excludable time under the Act. As the Sixth Circuit stated in Dunbar:

> "In the present case, we do not consider the law-of the case doctrine to have precluded the district court from reconsidering its June 4, 2001 finding that eighty-four non-excludable days had passed ... [T]he district court's finding regarding the number of non-excludable days is an interlocutory ruling, and thus, the court may depart from it for good reason ... the district court had good reason to depart from its earlier ruling because [the Defendant] explicitly argued that the seventy-day rule contained in § 3161 had been violated and that the indictment should have been dismissed ...

United States v. Dunbar, 357 F.3d 582, 593 (6th Cir. 2004).