# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:10-cr-00055-1 |
| | ) | Chief Judge Haynes |
| ALBERT FRANKLIN, JR. | ) | |

## ORDER

Before the Court are Defendant Albert Franklin Jr.'s motion for judgment of acquittal notwithstanding the guilty verdict of the jury (Docket Entry No. 169) and motion for new trial pursuant to Rule 33 (Docket Entry No. 170). Defendant challenges the jury verdict finding him guilty on one count of conspiracy to possess Oxycodone with intent to distribute, as well as two firearms-related counts. In essence, Defendant contends that the jury verdict in this case was contrary to the weight of the evidence. Defendant argues that there was not sufficient evidence at trial as to the existence of a conspiracy between the Defendant and Co-Defendant, nor was there sufficient evidence linking Defendant to the firearm recovered at the crime scene.

In response, the Government contends that the evidence clearly supported the verdict returned by the jury. As to the conspiracy count, the Government cites evidence introduced at trial which showed that the Defendant had engaged in several three-way conversations with a confidential informant and his Co-Defendant, in which the Defendant negotiated a deal to purchase 3,000 Oxycodone pills in exchange for $22,000.00 in cash. The Government further cites evidence introduced at trial that showed that on January 26, 2010 a confidential informant delivered 3,000 placebo pills to Defendant at the bar that Defendant owned, with the expectation that Defendant would provide the confidential informant $22,000.00 cash in return. As to the firearms-related

counts, the Government cites evidence showing that a firearm and ammunition were recovered during a search of the bar that Defendant owned immediately following the attempted exchange of placebo pills for cash, as well as the testimony of a witness who testified that she observed Defendant holding the firearm in question during the attempted exchange of placebo pills for cash.

In deciding a motion for acquittal based on the sufficiency of the evidence pursuant to Fed. R. Crim. P. 29, the Court seeks to "determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Humphrey, 279 F.3d 372, 378 (6th Cir. 2002), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). A "[d]efendant 'bears a very heavy burden' in [a] sufficiency of the evidence challenge to [a] conviction." United States v. Davis, 397 F.3d 340, 344 (6th Cir. 2005), quoting United States v. Spearman, 186 F.3d 743, 746 (6th Cir.1999). Here, as cited in the Government's response to Defendant's motion for acquittal, evidence was introduced at trial that was more than sufficient for a "rational trier of fact" to have found the essential elements of the crimes in question beyond a reasonable doubt.

As to Defendant's motion for a new trial pursuant to Fed. R. Crim. P. 33, "granting a Fed. R. Crim. P. 33 Motion for New Trial attacking the weight of the evidence is a discretionary matter" and "the Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988) (citation omitted). In light of the evidence introduced at trial, the Court finds that this is not an "extraordinary circumstance" where the evidence "preponderates heavily against the verdict."

Thus, Defendant's motion for judgment of acquittal notwithstanding the guilty verdict of the jury (Docket Entry No. 169) and motion for new trial pursuant to Rule 33 (Docket Entry No. 170) are **DENIED**.

It is so **ORDERED**.

**ENTERED** this the _10th_ day of January, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court